# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 61 | **DATE** | January 28, 2008 |
| **CASE TITLE** | Michael S. O'Donnell vs. Nicky Posey III and the United States Postal Service | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed in forma pauperis [4] is granted, and the motion for appointment counsel [5] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on plaintiff Michael O'Donnell's motion to proceed in forma pauperis and his motion for appointment of counsel. For the following reasons, the motion to proceed in forma pauperis is granted, and the motion for appointment of counsel is denied.

The federal in forma pauperis statute is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, the statute allows a litigant to pursue a case in federal court without fees and costs provided the litigant submits an affidavit asserting an inability "to pay such costs or give security therefor," and the action is neither frivolous nor malicious. 28 U.S.C. § 1915. Having carefully reviewed plaintiff's application, the court concludes that he satisfies the financial criteria necessary to forego payment of the $350 filing fee. Although plaintiff currently is employed, his monthly salary is not enough to enable him to pay the filing fee. Therefore, his application to proceed in forma pauperis is granted.

In considering a motion to appoint counsel, the court begins from the fundamental premise that there is no constitutional or statutory right to counsel in federal civil cases. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, the district court, in its discretion, may request counsel to represent indigent litigants. *See* 28 U.S.C. § 1915(e)(1). Although plaintiff qualifies as an indigent litigant, the court finds that the factual and legal issues in this case are not unusually complex. Accordingly, the court concludes that the interests of justice will not be served by appointment of counsel at this time. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).

For all of the foregoing reasons, plaintiff's application to proceed in forma pauperis is granted, and the motion for appointment of counsel is denied.