UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL O'DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 61 |
| | ) | |
| NICKY POSEY, III and | ) | Judge Andersen |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE UNITED STATES AND
THE UNITED STATES POSTAL SERVICE TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States of America and the United States Postal Service, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in support, state as follows:

1. Mr. O'Donnell alleges that, on January 3, 2006, his bicycle was struck by a United States Postal Service vehicle driven by Mr. Posey. Complaint, ¶¶ 1-6. On January 28, 2008, Mr. O'Donnell filed his complaint seeking $20,000 in damages from Mr. Posey and the United States Postal Service.

2. The Federal Tort Claims Act ("FTCA") is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). O'Donnell's claim should be dismissed for lack of subject matter jurisdiction for at least two reasons.

4. *First*, no FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has

failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5.  The complaint in this case does not allege that O'Donnell ever presented the administrative claim required by the FTCA, and a search of the United States Postal Service's tort claims files reveals that O'Donnell has not filed an administrative tort claim with the Postal Service. Exhibit A (Declaration of Sharon Alford-Jones); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists). Accordingly, the court lacks subject matter jurisdiction over O'Donnell's tort claim because he failed to exhaust his administrative remedies in accordance with 28 U.S.C. § 2675(a) before bringing a district court complaint. *McNeil*, 508 U.S. at 110-111, 113; *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994).

6.  *Second*, "[u]nder the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States." *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) (per curiam). Here, O'Donnell improperly has sued the United States Postal Service rather than the United States. The limited waiver of sovereign immunity in the FTCA does not provide the district court with subject matter jurisdiction over a claim against a governmental agency. This provides a second basis for dismissal of the complaint under Rule

12(b)(1). *See, e.g., Ward v. Jessie Brown V.A. Hosp.*, 2005 WL 3312601, *4 (N.D. Ill. Dec. 5, 2005); *Carter v. Social Sec. Field Office*, 2004 WL 609316, *4 (N.D. Ill. March 22, 2004).

7.  *Finally*, courts uniformly have held that the FTCA bars suits against employees of the United States in their individual capacity for common-law tort claims arising in the scope of their employment. *Sullivan v. United States*, 21 F.3d at 200. Pursuant to the Certification by the Attorney General's designee attached hereto as Exhibit B, this civil action accordingly shall be deemed an action against the United States under 28 U.S.C. § 2679, and the United States shall be substituted as the party defendant in lieu of Nicky Posey, III pursuant to 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.

WHEREFORE, this case should be dismissed as to the United States and the United States Postal Service for lack of subject matter jurisdiction.[1]

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/ Eric S. Pruitt
       ERIC S. PRUITT
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 353-5496
       eric.pruitt@usdoj.gov

---

[1] Whether the dismissal is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**MOTION OF THE UNITED STATES AND THE UNITED STATES POSTAL SERVICE TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

was served on June 16, 2008 by U.S. Mail on the plaintiff at the following address:

Michael S. O'Donnell
1020 West Lawrence, Apt. 1214
Chicago, Illinois 60640

s/ Eric S. Pruitt
ERIC S. PRUITT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5496
eric.pruitt@usdoj.gov