## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 61 | **DATE** | September 12, 2008 |
| **CASE TITLE** | Michael O'Donnell vs. Nicky Posey III and United States Postal Service | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [12] is granted.

■ [ For further details see text below.]      Docketing to mail notices.

### STATEMENT

    This matter is before the court on defendant United States of America and the United States Postal Service's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Michael O'Donnell alleges that on January 3, 2006 his bicycle was struck by a United States Postal Service truck driven by defendant Posey. Plaintiff is seeking $20,000 in damages from the United States Postal Service and Posey. The Federal Tort Claims Act ("FTCA") is the exclusive jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b)(, 2679(b)(1). However, pursuant to the FTCA, no action can be initiated against the United States until a plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). The complaint in this case does not allege that plaintiff ever presented the administrative claim required by the FTCA. In this motion to dismiss the complaint, the government argues that the court does not have subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies in accordance with 28 U.S.C. 2675(a). Plaintiff has not filed any response to the government's motion. Without any allegation that plaintiff did, in fact, exhaust his administrative remedies, this court lacks subject matter jurisdiction over plaintiff's tort claim. Thus, the government's motion to dismiss [12] is granted.

    It is so ordered.

                                                                         */s/ Wayne Andersen*
                                                                       Wayne R. Andersen
                                                                 United States District Judge

| | Courtroom Deputy | tsa |
|---|---|---|